UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO:

JACQUELYN HARRIS,

    Plaintiff,

v.

PRINE SYSTEMS, INC.,
d/b/a PCLIQUIDATIONS.COM,
a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JACQUELYN HARRIS ("Plaintiff"), pursuant to the Families First Coronavirus Response Act - Emergency Paid Sick Leave Act, H.R. 6201, 116th Cong. *§ 5102, et. seq.* (2020), (hereafter "the FFCRA," "EPSLA," or "the Act"), files her Complaint against Defendant, PRINE SYSTEMS, INC., d/b/a PCLIQUIDATIONS.COM ("Defendant" or "PRINE SYSTEMS"), and alleges as follows:

## PARTIES

1. During all times material hereto, Plaintiff was a resident of Duval County, Florida, over the age of 18 years, and otherwise *sui juris*.

2. Defendant, PRINE SYSTEMS, is a foreign for-profit corporation with its registered principal business address at 140 Stockton Street, Jacksonville, FL, 32204.

3. At all times material hereto, Defendant, PRINE SYSTEMS, was Plaintiff's employer as that term is defined under the Act.

4. At all times pertinent hereto, Defendant, PRINE SYSTEMS, was Plaintiff's employer covered by the Act, because it was engaged in commerce or in an industry or activity affecting commerce who employed fewer than 500 employees, prior to the time period in which Plaintiff sought leave under the Act.

5. At all times material hereto, Plaintiff was an eligible employee entitled to leave under the Act, based on the fact that she (a) attempted to take paid sick leave pursuant to federal, state, or local government order, and (b) was employed by Defendant for at least 30 calendar days prior to seeking to exercise her right to FFCRA leave.

## JURISDICTION AND VENUE

6. All acts and omissions giving rise to this dispute took place within Duval County, Florida, within the jurisdiction of this Honorable Court.

7. Jurisdiction is proper within the Middle District of Florida pursuant to *28 U.S.C. §§ 1331 and 1337*.

8. Venue is proper within the Middle District of Florida pursuant to *28 U.S.C. § 1391(b)(2)*.

## FACTUAL ALLEGATIONS

9. Plaintiff worked for Defendant as a full-time, hourly employee from approximately February 6, 2020 through the present.

10. On or about June 30, 2020, Plaintiff notified PRINE SYSTEMS of her intent to self-quarantine pursuant to state, federal, or local government order.

11. In response, PRINE SYSTEMS provided Plaintiff with an "Unpaid Leave of Absence Request Form" for her to complete and submit.

12. Such form allowed Plaintiff to quarantine without pay for a period of fourteen consecutive calendar days.

13. That same day on June 30, 2020, Plaintiff submitted the completed form to Defendant's Human Resources (HR) Department, informing the company that she intended to self-quarantine for fourteen days pursuant to federal, state, or local government order, through and including July 14, 2020.

14. PRINE SYSTEMS approved Plaintiff's request, and she indeed quarantined from June 30, 2020 through July 14, 2020.

15. To date, PRINE SYSTEMS has failed to pay Plaintiff for her sick leave.

16. To date, PRINE SYSTEMS counted Plaintiff's fourteen days of sick leave as applied against her annual quota of unpaid time off.

17. After receiving express notice of Plaintiff's inability to work pursuant to state, federal, or local government order, PRINE SYSTEMS was required under the Act to provide Plaintiff with paid sick leave.

18. Plaintiff was entitled to two (2) weeks or eighty (80) hours of paid leave under the Act which, under the circumstances herein, would have been through about July 14, 2020.

19. As a result of the foregoing, Defendant willfully violated the Act, and denied Plaintiff her protected paid sick leave rights.

20. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## **COUNT I – UNPAID SICK LEAVE UNDER THE FFCRA**

21. Plaintiff hereby re-incorporates and re-alleges the allegations set forth within Paragraphs 1 through 20 above.

22. At all times relevant hereto, Plaintiff was protected by the provisions of the FFCRA and EPSLA.

23. At all times relevant hereto, Plaintiff was entitled to eighty (80) hours of paid sick leave under the Act.

24. Defendant denied Plaintiff protected paid sick leave under the Act.

25. Defendant refused to pay Plaintiff for eighty (80) hours of paid sick time.

26. As a result of Defendant's violation of the Act, it is considered to have failed to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 206.*

27. Plaintiff is entitled to recover federal minimum wages for eighty (80) hours of unpaid sick time, in the amount of $580.00

28. As a result of Defendants' willful violation of the Act, Plaintiff is entitled to an additional amount of $580.00 in liquidated damages.

29. Therefore, as a result of Defendants' willful violation of the Act, Plaintiff is entitled to a total amount of **$1,160.00** for damages in unpaid sick leave.

30. As a result of Defendant's willful and unlawful violation of the Act, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JACQUELYN HARRIS, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, PRINE SYSTEMS, INC., d/b/a PCLIQUIDATIONS.COM, and award Plaintiff the following: (a) unliquidated minimum wage damages in the amount of $580.00 to be paid by Defendant; (b) liquidated damages in the amount of $580.00 to be paid by Defendant; (c) all reasonable attorney's fees and litigation costs as permitted under the Act and the FLSA;  and any and all further relief that this Court determines to be just and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JACQUELYN HARRIS, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 25th day of November 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS – JORDAN RICHARDS, PLLC**
805 Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Jacquelyn Harris*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
jordan@jordanrichardspllc.com
melissa@jordanrichardspllc.com
jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on November 25, 2020.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST:

5